IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

      Plaintiff,

vs.     No. CV 19-01079 WJ/KRS

NEW MEXICO STATE SUPREME COURT,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A on the handwritten complaint filed by Plaintiff Herbert Manygoat (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

### 1. Factual and Procedural Background

Plaintiff Herbert Manygoat is a pretrial detainee in the custody of the San Juan County Detention Center. (Doc. 1 at 1). This is one of 11 proceedings filed in this Court by Plaintiff Manygoat. *See Manygoat v. Nance,* NO. CV 13-00146 JCH/WPL, *Manygoat v. Havel,* No. CV 17-01115 JCH/GJF, *Manygoat v. Mejia,* No. CV 19-00028 JCH/SMV, *Manygoat v. Havel,* No. CV 17-00887 JCH/SMV, *Manygoat v. Havel,* No. CV 18-00222 KWR/KRS, *Manygoat v. FNU LNU,* No. CV 18-00340 JCH/KBM, *Manygoat v. Heinman*, No. CV 19-00960 RB/CG, *Manygoat v. Jacobs*, No. CV 18-00438 JB/JHR, *Manygoat v. Prudencio*, No. CV 19-00347 RB/JFR, *Manygoat v. Love,* No. CV 19-00402 KWR/LF, and this case, *Manygoat v. New Mexico State Supreme Court,* No. CV 19-01079 WJ/KRS. All of Manygoat's cases have been dismissed except for *Manygoat v. Havel,* No. CV 18-00222 KWR/KRS, *Manygoat v. Prudencio*, No. CV 19-00347 RB/JFR, and this case, either for failure to state a claim or failure to comply with Court orders under Fed. R.Civ.P. 41(b).

Manygoat filed his Complaint in this case on November 19, 2019. (Doc. 1). His Complaint is directed to the "New Mexico State Supreme Court." (Doc. 1 at 1). In the Complaint, he alleges that he was arrested on November 8, 2019 by a Farmington Police Officer for Battery on a Health Care Worker and Disorderly Conduct. (Doc. 1 at 1). He initially was not taken for a video appearance in San Juan County Magistrate Court. (Doc. 1 at 1). As a consequence, he filed a grievance with the San Juan County Detention Center on November 13, 2019, but received no response. (Doc. 1 at 2). Manygoat appeared at a video hearing in Magistrate Court on November 14, 2019. The Magistrate set bond at $5,000 and scheduled a preliminary hearing for November 20, 2019. (Doc. 1 at 2).

Manygoat asks the New Mexico State Supreme Court to help him get released or dismiss the charges against him in San Juan Magistrate Court case No. M-47-FR-2019-00838. (Doc. 1 at 2).[1] Manygoat contends that he is disabled because tibias and fibulas in both legs were broken in 1995 (right side) and 2016 (left side). (Doc. 1 at 2). He claims that he is not a flight risk and is willing to abide by terms of release imposed in a different state court criminal proceeding in September 2019. (Doc. 1 at 3). It is unclear from Manygoat's Complaint whether he intended this as a civil rights proceeding against the New Mexico Supreme Court or whether he intended it as a habeas corpus petition seeking to have the New Mexico Supreme Court release him from state custody. Regardless of whether this case is construed as a civil rights case or a habeas corpus proceeding, the Complaint fails to state any federal claim for relief.

---

[1] Plaintiff Manygoat has three felony criminal cases and one probation revocation proceeding pending in the New Mexico state courts: D-1116-CR-2019-00012; D-1116-CR-2019-00026; D-1116-CR-2019-01179; and D-202-CR-2018-003585. For case no. M-47-FR-2019-00838, Manygoat was bound over and is scheduled for a jury trial on the charges in case no. D-1116-CR-2019-01179.

## 2. The Complaint Fails to State a Federal Civil Rights Claim for Relief

### A. Standard for Failure to State a Claim.

Plaintiff Manygoat is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915A. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915A, the Court is to dismiss a complaint by a prisoner seeking redress against government officials if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal

theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

**B.  Manygoat Fails to State a § 1983 Claims for Relief.**

Manygoat does not cite to 42 U.S.C. § 1983.  Section 1983, however, is the exclusive vehicle for vindication of substantive rights under the Constitution.  See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by identified government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

In this case, Manygoat directs his Complaint to the New Mexico State Supreme Court. (Doc. 1 at 1). The New Mexico Supreme Court is a state agency. As such, the claims against it are claims against the State of New Mexico.  The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).  Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v.Buhman*, 822 F.3d

1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). The Complaint does not state a § 1983 claim for relief against the New Mexico Supreme Court.

Further, a civil rights claim requires acts by identified government officials in violation of the plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. at 48. Although Manygoat does make vague references to officials, he does not name any identified individual as a defendant, nor does he allege that any of the officials violated a federal constitutional right. *See* Doc. 1 at 1-2). Therefore, the Complaint fails to state any § 1983 claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To the extent Manygoat's Complaint can be construed as a civil rights action under 28 U.S.C. § 1983, it does not state any claim on which relief may be granted and will be dismissed.

### 3. The Complaint Does Not State a Habeas Corpus Claim for Relief

**A. Petitions for Habeas Corpus Relief Under 28 U.S.C. § 2241.**

Plaintiff Manygoat is a pretrial detainee in state custody. He appears to seek immediate release from custody (Doc. 1 at 2-3). Ordinarily, a prisoner in state custody may seek habeas corpus relief under 28 U.S.C. §2254. Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court. . ."

28 U.S.C. § 2254(a). By its terms, Section 2254 applies only to prisoners in custody based on a judgment of a State court. Therefore, Section 2254 only provides relief for prisoners seeking relief from convictions or sentences following final judgment in the State court proceedings. *Walck v. Edmondson,* 472 F.3d 1227, 1234 (10th Cir. 2007). See, also, *Dickerson v. Louisiana,* 816 F.2d

220 (5th Cir. 1987); *Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012); *Jacobs v. McCaughtry,* 251 F.3d 596, 597 (7th Cir. 2001).

Manygoat is not in custody based on a final judgment of conviction and sentence in State court. Instead, it is clear from the Complaint that he is a pretrial detainee, in custody based on a State pretrial detention order. (Doc. 1 at 1). The proper vehicle for a State prisoner to challenge pretrial detention is a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Walck*, 472 F.3d at 1235. Therefore, to the extent he seeks release from his pretrial detention his Complaint may be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

A proceeding under 28 U.S.C. § 2241 is an attack by a person in custody upon the legality of that custody and the traditional function is to secure release from illegal custody. *Preiser, Correction Commissioner v. Rodriguez,* 411 U.S. 475, 484 (1973). Section 2241(c)(3) provides, in pertinent part, that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. Under § 2241, then, a detainee must raise a non-frivolous constitutional or federal law issue challenging the legality of the detention. *Butros v. Immigration and Naturalization Service,* 804 F.Supp. 1336, 1339 (D. Or. 1991) (citing *Blancada v. Turnage,* 891 F.2d 688, 690 (9th Cir. 1989). The federal courts cannot grant habeas relief for claimed errors or violations of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). If the State is not following its own rules or law, this error will not give rise to federal habeas relief unless failure to follow the rules also constitutes a violation of the federal constitution or federal law. *See Hicks v. Oklahoma,* 447 U.S. 343, 346 (1980); *Aycox v. Lytle,* 196 F.3d 1174, 1180 (10th Cir.1999).

**B. Manygoat's Complaint Fails to State a § 2241 Claim for Habeas Corpus Relief.**

Manygoat seeks release from pretrial detention imposed by San Juan County, State of New

Mexico, under provisions of New Mexico state law. (Doc. 1 at 1-3). As such, the Complaint does not implicate any question under federal law. 28 U.S.C. § 2241(c); *Butros*, 804 F.Supp. at 1339. In his Complaint, Manygoat does make generalized reference to "Disabilities Rights Laws." (Doc. 1 at 3). However, the allegation does not claim that his federal constitutional rights have been violated based on disability or that his disability affords any federal constitutional basis for release from custody. 28 U.S.C. § 2241(c)(3).

The Complaint does not present any case or question under the Constitution, laws, or treaties of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. at 377; *Gad v. Kansas State Univ.*, 787 F.3d at 1035. The Complaint does not state any § 2241 claim for relief and this Court lacks jurisdiction to grant Manygoat release from pretrial detention imposed by the New Mexico courts. 28 U.S.C. § 2241(c)(3). Unless and until Manygoat has been denied in violation of established rights under the federal Constitution, laws, or treaties, Manygoat may not seek habeas corpus relief from this federal court. *Hicks v. Oklahoma,* 447 U.S. at 346; *Aycox v. Lytle,* 196 F.3d at 1180. The Complaint does not present any federal constitutional or legal basis, fails to state any claim for § 2241 relief, and must be dismissed. 28 U.S.C. § 2241(c); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. at 377; *Gad v. Kansas State Univ.*, 787 F.3d at 1035.

### 4. <u>Amendment Would Be Futile</u>

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would

also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. Manygoat is proceeding against an entity that cannot be sued under § 1983, nor does Manygoat present any viable factual allegations showing that he might ever be entitled to relief under § 1983 or §2241. There does not appear to be any amendment Plaintiff could make that would cure the problems with his pleading. *Bradley v. Val-Mejias,* 379 F.3d at 901. Moreover, Plaintiff Manygoat has filed multiple cases in this and state court, giving him several opportunities to attempt to state a viable claim for relief. The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

## Granting of Leave to Proceed *In Forma Pauperis*

Also pending before the Court is the Declaration in Support of Motion to Proceed In Forma Pauperis filed by Plaintiff Herbert Manygoat (Doc. 3). Because Manygoat's Complaint may be construed as a habeas corpus petition under 28 U.S.C. § 2241, the Court will grant Manygoat leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a). Plaintiff Manygoat remains obligated to pay the $5 filing fee for this proceeding.

**IT IS ORDERED:**

(1) the Declaration in Support of Motion to Proceed In Forma Pauperis filed by Plaintiff Herbert Manygoat (Doc. 3) is **GRANTED;** and

(2) the handwritten complaint filed by Plaintiff Herbert Manygoat (Doc. 1) is **DISMISSED** for failure to state a federal claim for relief under either 42 U.S.C. § 1983 or 28 U.S.C. § 2241.

_____
CHIEF UNITED STATES DISTRICT JUDGE